**In re PETROLEUM PRODUCTS, INC., a Nevada Corporation, Debtor.**

**In re PETROLEUM PRODUCTS, (MIDWEST), INC., a Kansas Corporation, Debtor.**

**Bankruptcy No. 86–41309–11.**

United States Bankruptcy Court, D. Kansas.

March 23, 1989.

See also, Bkrtcy., 72 B.R. 739.

452

Robert E. Nugent, Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kan., Josiah M. Daniel, III, Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for MSI.

Jan M. Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, Kan. for debtor.

Dale L. Somers, Eidson, Lewis, Porter & Haynes, Topeka, Kan.

Carol Park Wood, Wichita, Kan., U.S. Trustee.

John T. Flannagan, Olathe, Kan.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

This matter is before the Court on the motion of MCORP Management Solutions, Inc., (MSI) to strike illegal solicitation and for sanctions. An emergency hearing was held March 2, 1989, at which the debtor appeared by Jan Hamilton, of Hamilton, Peterson, Tipton and Keeshan. The creditor MSI appeared by Robert E. Nugent, of Morris, Laing, Evans, Brock and Kennedy, Chartered and Josiah M. Daniel, III, of Winstead, McGuire, Sechrest and Minnick.

Debtor and MSI have proposed competing chapter 11 plans. The Court has approved the disclosure statements of both plans and has ordered the parties to distribute ballots and plan materials for voting. The time to file ballots expired March 6, 1989.

On or about March 2, 1989, an assistant to debtor's principal, Martin Burke, mailed additional materials to all creditors. The materials had not been pre-approved by the Court or the opposing party. The materials included a letter requesting a vote in favor of debtor's plan, a ballot pre-marked with an X in the box indicating an affirmative vote in favor of debtor's plan, and a self-addressed stamped envelope.[1] MSI thereafter moved to strike debtor's plan, or in the alternative, to disregard all votes registered by pre-marked ballots, and enjoin debtor and counsel from all further solicitation in the case.

■ Section 1125(b) provides as follows: An acceptance or rejection of a plan may not be solicited after the commencement of the case under this Title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without an evaluation of the debtor or an appraisal of the debtor's assets.

The parties have provided the Court with a cite to one case discussing Section 1125(b)'s prohibition against solicitation in the context of pre-marked ballots. In *In re Gulph Woods Corp.*, 83 B.R. 339 (Bankr.E. D.Pa.1988), the debtor sent a letter and pre-marked ballot rejecting a creditor's competing plan, along with a self-addressed envelope returning the ballot to the debtor. Over the creditor's objection, the Court found that the mere mailing of the letter did not violate Section 1125(b). However, the sending of a pre-marked ballot and the request to return the ballots to debtor the court found per se improper. The court found that the sending of an additional ballot was bound to cause confusion and that the self-addressed stamped envelope directly interfered with the court approved method of affecting the election. As for

---

1. The full text of the letter is attached as Appendix A. [Editor's note: Appendix A has been deleted for publication.]

the pre-marking of the ballot, the court stated:

"we would consider it the equivalent of a plan's proponent pre-marking of ballot with an acceptance. We have never known any plan proponent to be so presumptuous as to have not instinctively perceived the impropriety of so doing."

This Court agrees with *Gulph Woods* that the pre-marking of a ballot is improper because it taints the free election process. A party opponent in local, state or national elections is not permitted to hand the voter a pre-marked ballot before the voter enters the voting booth. Nor should plan proponents be permitted to do the functional equivalent by mailing out pre-marked ballots.

■ The Court does not believe, however, that the remedy is to vacate the Court's approval of debtor's disclosure statement thus denying the debtor a chance to present its plan to creditors. Such a sanction would be unduly harsh in light of the fact that this is the first instance of misconduct in connection with the voting process and that it was apparently instigated by debtor's principals with counsel's later after the fact approval. Rather, the remedy under the circumstances is to permit debtor to attempt to reach creditors who received the improper mailing in order to advise them that the pre-marked ballot was a facsimile only which should not be mailed in. If any pre-marked ballots are actually received by the clerks office they will not be counted. Finally, though not the norm, counsel shall submit any future mailings to the Court and opposing counsel for comment and approval prior to sending them out to insure no further outbreak of impropriety.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.